UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

JOEL TAPIA

                     Defendant.
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    October 19, 2023
```

17-CR-512 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Joel Tapia is currently serving a 188-month sentence imposed after a jury trial for conspiring to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (J. at 1-2., ECF No. 705.) Tapia timely appealed, and the Second Circuit affirmed his conviction and sentence. *See United States v. Tapia.*, No. 21-CR-1674, 2023 WL 2942922 (2d Cir. 2023) (summary order). Tapia, proceeding *pro se*, has now filed a "Motion [f]or Sentencing Review Under 18 U.S.C. 3742," requesting that this Court "overturn, or set aside the jury's verdict and conviction and remand the case for a new trial." (Def.'s Mot., ECF No. 744.)

      Tapia's pending motion is procedurally flawed because 18 U.S.C. § 3742 does not authorize a district court to review a defendant's sentence. *See e.g., United States v. Henriquez,* No. 10-CR-73, 2012 WL 5896749, at *1 (S.D.N.Y. Nov. 20, 2012) (Stein, J.) But because Tapia is proceeding *pro se*, the Court construes his motion liberally. *See Green v. United States,* 260 F.3d 78, 83 (2d Cir. 2001). Construed liberally, Tapia's motion seeks a sentence reduction on the grounds that: 1) a substantive offense did not exist in his indictment that justifies his current sentence pursuant to 21 U.S.C. § 841(b)(1)(A) or 21 U.S.C § 841(b)(1); 2) the government's argument was factually flawed and improperly referenced an irrelevant offense and an erroneous

narcotics violations; and 3) the government misapplied the sentencing guidelines by failing to prove all of the essential elements of the conspiracy charge required by §§ 21 U.S.C. 841(b)(1)(A) and 846. (ECF No. 744 at 2.) Given the relief Tapia seeks, this Court finds it is most properly construed as a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 on the grounds that it was imposed in violation of his constitutional rights.

The Supreme Court has placed several limitations on the power of district courts to recharacterize *pro se* motions as § 2255 petitions, which this Court must follow. *See Castro v. United States,* 540 U.S. 375, 383 (2003). Accordingly, this Court is required to provide Tapia with an opportunity to withdraw or amend his motion so that it contains all the § 2255 claims he believes he has. *Id.* In addition, this Court is required to inform Tapia that if he consents to this characterization of his motion as a § 2255 petition, any subsequent § 2255 petitions will be subject to the "second or successive" limitation.[1] *Id.* The Court also draws Tapia's attention to § 2255's one-year statute of limitations.[2]

For the foregoing reasons, it is hereby ORDERED that:

Within 60 days of the date of this order, on or before December 18, 2023, Tapia must notify the Court, in writing, that he either (i) consents to the Court treating his motion pursuant to 28 U.S.C. § 2255, (ii) wishes to modify his motions, or (iii) wishes to withdraw his motion. If

---

[1] 28 U.S.C. § 2255 (h) provides that a second or successive motion must be certified as provided by Section 2244 by a panel of the appropriate court of appeals to contain:
"1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"

[2] 28 U.S.C. § 2255 (f) provides that a 1-year period of limitation shall run from the latest of:
"(1) the date on which the judgment of conviction becomes final … (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Tapia fails to respond, on or before December 18, 2023, the Court will construe this Motion as having been made pursuant to 28 U.S.C. § 2255.

The Clerk of Court is respectfully directed to mail Tapia a copy of this order.

SO ORDERED.

Dated: New York, New York
October 19, 2023

                                                    */s/ Kimba M. Wood*
                                                 KIMBA M. WOOD
                                          United States District Judge